IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAILEA PARTNERS, LP, a Delaware limited partnership,<br><br>    Plaintiff,<br><br>v.<br><br>HSBC BANK USA, N.A., a national banking association,<br><br>    Defendant. | Case No. 11-CV-3544 SC<br><br>ORDER DENYING PLAINTIFF'S <u>MOTION TO STRIKE</u> |

    Before the Court is Plaintiff Wailea Partners, LP's, ("Plaintiff") Motion to Strike portions of Defendant HSBC Bank USA, N.A.'s ("Defendant") Motion to Dismiss. ECF Nos. 37 ("MTS"), 23 ("MTD"). Plaintiff's Motion to Strike is DENIED as procedurally improper.

    Plaintiff asks the Court to strike references to "premiums" in Defendant's pending Motion to Dismiss, arguing that the transactions at issue in this case did not involve premiums. MTS at 4. Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's MTS is improper under Rule 12(f) because a motion to dismiss is not a pleading. <u>See</u> Fed. R. Civ. P. 7(a) (defining "pleading" as a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint,

an answer to a third-party complaint, and a reply to an answer); see also McCain v. Cal. Highway Patrol, 2011 U.S. Dist. LEXIS 69690, at *5-6 (E.D. Cal. June 29, 2011) (denying plaintiff's motion to strike defendant's motion to dismiss because "Rule 12(f) may be used to strike 'pleadings,' and a motion is not a 'pleading'").

The arguments set forth in Plaintiff's MTS should have been included in Plaintiff's Opposition to Defendant's MTD.  The Court declines to construe Plaintiff's MTS as a supplemental Opposition because Plaintiff's Opposition already meets the maximum page limit set by Civil Local Rule 7-4(b).  ECF No. 35 ("Pl's Opp'n to MTD").

IT IS SO ORDERED.

Dated: November 14, 2011 

UNITED STATES DISTRICT JUDGE